**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christine Peddicord,<br><br>Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>Defendant. | No. CV13-0337-PHX-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Christine Peddicord seeks judicial review of the Commissioner's decision finding her not disabled within the meaning of the Social Security Act. Doc. 15. For the reasons that follow, the Court will deny Plaintiff's brief.

**I.  Background.**

Plaintiff applied for disability insurance benefits and supplemental security income on February 12, 2010, alleging disability beginning February 7, 2009. Doc. 22 at 1. After a hearing on August 30, 2011, an administrative law judge ("ALJ") issued an opinion on November 17, 2011, finding Plaintiff not disabled. A.R. 10-18. A request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision. Doc. 22 at 2.

**II.  Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but

less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) she is not currently engaged in substantial gainful employment, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. If the claimant establishes her burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

**III.   Analysis.**

Plaintiff's opening brief does not raise any specific legal issues concerning the ALJ's order in this case. In fact, Plaintiff actually concedes that she "understand[s] why they denied [her] in that hearing." Doc. 15 at 3 (referring to the August 30, 2011, hearing before the ALJ). Plaintiff's chief argument appears to be that she was found to be disabled from June 23, 2006 through February 1, 2008, and that her conditions have not changed. *Id.* at 1-2. She also contends that she misunderstood the purpose of the August 30, 2011, hearing, believing it to be a meeting to discuss her "old case," and that she did not bring any evidence of her medical conditions to this hearing. *Id.* at 2. She purportedly then submitted "new medical documentation" to the Appeals Council and argues that it should have reversed the decision based on this new evidence. *Id.* The

Court will construe these statements as an argument that the Appeals Council should have remanded the case for consideration of supplemental evidence. Plaintiff also takes issue with the ALJ's characterization of some "emergency room documents," as well as the ALJ's discussion of Plaintiff's ability to do "light housework." *Id.* at 4. The Court will construe these arguments as generally asserting that the ALJ's decision was not supported by substantial evidence. The Court will consider each issue in turn.

### A. Consideration of New Evidence.

In order for the Court to remand a case to the Commissioner for consideration of new evidence, a plaintiff must demonstrate that: (1) there is new evidence that is material; and (2) good cause exists for her failure to incorporate that evidence into the administrative record. *Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987). To show materiality, Plaintiff must show "that the new evidence is material to and probative of [her] condition as it existed at the relevant time – at or before the disability hearing." *Id.* Further, "the new evidence must bear directly and substantially on the matter in dispute." *Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984). The good cause requirement is satisfied where "new information surfaces after the [Commissioner]'s final decision and the [Plaintiff] could not have obtained the evidence at the time of the administrative proceeding." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

Plaintiff has not met this burden. The evidence submitted by Plaintiff to the Appeals Council is either not probative of her condition at or before the hearing, or Plaintiff has not demonstrated good cause for her failure to produce the evidence at the time of the hearing. It appears that pages 796 through 893 of the administrative record were submitted after the August 30, 2011 hearing. Some of these records predate the hearing; others do not. The records dated after August 30, 2011 (A.R. 879-893) are not probative of Plaintiff's condition "as it existed at the relevant time – at or before the disability hearing." *Sanchez*, 812 F.2d at 511. The Appeals Council therefore did not err in declining to remand for consideration of these records.

1        As to records dated before the hearing (A.R. 796 to 856), Plaintiff has not shown 2 good cause for her failure to produce these records at or before the hearing.  Plaintiff has 3 not alleged that she could not obtain this evidence before the hearing.  Rather, she alleges 4 that she was confused about the purpose of the hearing.  Doc. 15 at 3.  But Plaintiff 5 received a letter dated June 23, 2011 – more than two months before the hearing – clearly 6 explaining the purpose of the hearing.  The letter stated that "[t]he hearing concerns your 7 application of February 12, 2010, for a period of Disability Insurance Benefits," and 8 explained the process the ALJ would follow, and the steps he would consider, in deciding 9 "whether you are disabled."  A.R. 144.  The letter stated: "**You May Submit More** 10 **Evidence and Review Your File**." A.R. 143 (emphasis in original).  The letter cautioned 11 that "[i]t is very important that the evidence in your file is complete and up-to-date," and 12 explained that "[i]f there is more evidence, such a recent records, reports, or evaluations 13 that you want me to see, please mail or bring that evidence to me as soon as possible.  If 14 you cannot submit the evidence to me before the hearing, you may bring it to the 15 hearing." *Id*.  The letter informed Plaintiff that she was entitled to seek representation. 16 *Id.*  Plaintiff was also advised by the ALJ at the hearing that she could have an attorney 17 represent her, but she declined representation.  A.R. 27.  Given the clear notice Plaintiff 18 received well in advance of the hearing, the Court concludes that her alleged confusion 19 about the purpose of the hearing does not constitute good cause for her failure to submit 20 these documents at or before the hearing.

21        **b.**    **Evidence supporting the ALJ's decision.**

22        In support of his decision, the ALJ cited several medical sources.  A.R. 15.  The 23 ALJ cited the report of Dr. Elizabeth Ottney, which did not reveal any serious medical 24 conditions; the results of an April 2010 cardiac study that revealed no heart problems 25 (A.R. 532); and a host of other exam results revealing no serious conditions (A.R. 15-16) 26 (citing a May 2010 thorax and abdomen contrast indicating only mild emphysema; April 27 2010 "tests, x-rays and MRIs" with normal results; a May 2010 exam revealing "no 28 musculoskeletal or neurological symptoms"; a December 2010 MRI showing "only mild

spondylosis"; a June 2010 exam finding that Plaintiff's back was normal, her EKG results were normal, her brain scan results were normal, and her chest x-rays showed no acute cardiopulmonary disease; a June 2010 nerve conduction study with normal results; an April 2011 exam with normal results).  The cited evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins*, 466 F.3d at 882.  The Court finds that the ALJ's decision was supported by substantial evidence.

The ALJ discounted Plaintiff's statement at the hearing that she did nothing during the day because Plaintiff indicated on her "exertional activity questionnaire that she goes grocery shopping, sweeps and vacuums, does laundry and puts dishes in an (sic) out of dishwasher."  A.R. 15.  The Court finds that this determination is properly supported by "specific, clear and convincing reasons" as required by the Ninth Circuit.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

**IT IS ORDERED** that Plaintiff's brief (Doc. 15) is **denied**.  The Clerk shall enter judgment and terminate this action.

Dated this 30th day of December, 2013.

_____
David G. Campbell
United States District Judge